UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
| | |
|---|---|
| Xavier Flores, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-702 |
| Hostel Hi-Madison *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 cryptic complaints within the first two weeks of March alone, sues a hostel and the Madison Police Department in Madison, Wisconsin, purportedly under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. He states that he "was removed from the premises when the manager . . . deny [sic] me service then called the Madison Police department to have me removed." Compl. at 1-2. Plaintiff seeks $1 million in damages. *Id*. at 2.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We

1

have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff does not allege that he was removed because of a disability and, therefore, has stated no facts to support an ADA claim. Even if he had, such a claim is properly brought in the judicial district where the alleged unlawful practice occurred or where the relevant records are maintained and administered, which appears in this case to be the United States District Court for the Western District of Wisconsin. *See* 42 U.S.C. § 12117(a) (incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e-5(f)(3). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: May 3, 2013